UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA    )
    )
v.    )    No. 2:25-cr-00162-JAW
    )
LUIS JOSE NIVAR CABRAL    )

**ORDER ON MOTION TO REOPEN DETENTION HEARING**

This matter is before me on a motion to reopen the detention hearing.  Motion (ECF No. 71).  On April 1, 2026, Luis Jose Nivar Cabral filed this motion, arguing that he should be released because he has developed a plan with conditions to address the Court's concerns expressed during the original detention hearing.  *Id.*  A hearing on the motion was scheduled for May 15.  ECF Nos. 82-84.

During the hearing, Cabral's counsel expanded the motion, arguing that Cabral's transfer to the Maine State Prison (MSP) and the restrictive rules at the MSP violate his Sixth Amendment right to the assistance of counsel.  For this reason, Cabral argues that he must be released pending trial.  He also asserts that the restrictive rules at MSP may hinder his preparation for his August trial, implicating his speedy trial rights.

Because Cabral expanded the scope of his motion, the hearing was continued to May 19, 2026, to allow the Government to respond.  *See* ECF No. 85.  At that hearing, Cabral primarily relied on his previous arguments and submitted a letter as an exhibit detailing issues faced during pretrial detention.  The letter was admitted without objection.

1

While I am concerned about the potential impact of the MSP rules on Cabral's Sixth Amendment rights, I find that continued detention pending trial is warranted under the 28 U.S.C. § 3142(g) factors.[1]  My reasoning is as follows: my original detention order concluded that there is "no set of conditions for release that [could] reasonably assure the safety of another person or the community."  Order ECF No. 18 at 3.  The conditions that Cabral proposed in his motion to reopen the hearing are essentially the same as those discussed at the initial October 1, 2025, detention hearing.  Therefore, they cannot serve as a basis to reopen the hearing.[2]  *See* 28 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that *information exists that was not known to the movant at the time of the hearing. . . .*" (emphasis added)).

Whether Cabral's Sixth Amendment concerns justify reopening the detention hearing is a closer question.  However, I conclude they do not provide a basis to reopen, as Cabral's access to counsel does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *Id.*

Although these arguments do not affect the detention analysis, Cabral's Sixth Amendment rights merit some discussion.  It is widely recognized that "to deprive a person of counsel during the period prior to trial may be more damaging than denial

---

[1] I specifically incorporate my original findings and analysis from the October 1, 2025, detention hearing and subsequent order because the detention analysis has not changed.  *See* ECF Nos. 17-18.
[2] Even if the proposed conditions could be a basis to reopen the detention hearing, they do not change the community safety analysis in my original order of detention.  *See* Order ECF No. 18.

of counsel during the trial itself." *Maine v. Moulton,* 474 U.S. 159, 170 (1985). "When this interest is inadequately respected during pre-trial confinement, the ultimate fairness of their eventual trial can be compromised." *Johnson-El v. Schoemehl,* 878 F.2d 1043, 1051 (8th Cir. 1989). Regulations restricting access to counsel may violate the Sixth Amendment if they are "inadequately justified" when "weighed against the legitimate interests of penal administration." *Id.* at 1052; *see also Benjamin v. Fraser,* 264 F.3d 175, 187 (2d Cir. 2001) (saying that pretrial restrictions implicate the Sixth Amendment if they "unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts" and if the "institutional restriction on pretrial detainees infringes a specific constitutional guarantee [i.e., the Sixth Amendment], the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security" (cleaned up)).

Here, based on the information provided, the reasons for Cabral's transfer are justifiable. The Government proffered evidence that Cabral had confrontations with corrections officers and other inmates at the county facility, and that his transfer was necessary based on the scope of the Government's case. *See also United States v. Stile,* No. 1:11-cr-00185-JAW, 2013 WL 12195872, at \*1 (D. Me. Nov. 27, 2013) ("The law is clear that a pre-trial detainee does not have the right to be housed at the facility of his choice, nor does he have the right to remain in the institution to which he was initially, or even at one time, assigned." (cleaned up)). Cabral's attorney conceded at the hearing that Cabral's isolation in pretrial confinement is "partially

by necessity." Nevertheless, the restrictive pretrial confinement must still be justifiable "in the light of the central objective of prison administration, safeguarding institutional security." *Benjamin*, 264 F.3d at 187 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

Ultimately, determining whether Cabral's Sixth Amendment rights are infringed upon by pretrial confinement rules is not for me to decide at a detention hearing. *See United States v. Keller*, No. 07-40016-FDS, 2008 WL 3085199, at *3 (D. Mass. Aug. 4, 2008) ("[A]n inmate's conditions of confinement are immaterial to the issue of whether he is a danger to the community and/or risk of flight."). However, all the stakeholders here have an ongoing obligation to ensure that Cabral has meaningful access to counsel to prepare his defense. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."); *Strickland v. Washington*, 466 U.S. 668, 690 (1984) (setting the standard for effective assistance of counsel); 28 C.F.R § 551.117 (requiring the Bureau of prisons to provide for, among other things, pretrial inmate attorney visits "on a seven-days-a-week basis").

In sum, I conclude that the information offered by Cabral in support of his motion to reopen the detention hearing does not meet the standard under 28 U.S.C. § 3142(f) because both the proposed conditions of release and the Sixth Amendment concerns do not amount to information that was unknown to Cabral at the first detention hearing and do not bear "on the issue whether there are conditions of

release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.*

Therefore, my original detention analysis remains the same, *see* ECF No. 18, and I **ORDER** that Cabral remain committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

## *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: May 21, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

5